IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY J. NELSON, PATRICK ) <br> SMRZ, and ROY BURSTEIN, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> APRIL DAWSON, KATIE HALL, ) <br> RANDY BLADES, STEVE ) <br> FEASTER, CARL BOYER, ) <br> C. DEPPEN, TERRI ROSENTHAL, ) <br> PAM SONNEN, et al., ) <br>   ) <br>   Defendants. ) <br> _____) | Case Nos. CV-06-53-S-BLW <br> (Lead case) <br> CV-07-182-S-BLW <br> <br> **ORDER** |

Pending before the Court are the following motions: (1) Defendants' Request for Initial Review (Docket No. 74); (2) Plaintiffs' Motion to Compel Discovery (Docket No. 93); (3) Plaintiffs' Motion for Definitive Order (Docket No. 94); (4) Plaintiffs' Motion for Appointment of Neutral Expert (Docket No. 99); and (5) Plaintiff Nelson's Motion to Strike Response, Amend the Complaint, and Seal Case (Docket Nos. 100, 101, 102).

Having carefully reviewed the record, the Court has determined that Plaintiff Burstein will be authorized to proceed with his Eighth Amendment claims.

**ORDER 1**

Plaintiffs' additional motions shall be denied because they were filed prior to the Court's review of the Defendants' *Martinez* report. Finally, the Court will request a response from the IDOC Defendants relating to Plaintiff Nelson's Motion for Temporary Restraining Order (Docket No. 104).

## BACKGROUND

Plaintiffs Orr, Nelson, and Smrz are the inmates who originally filed this action. They are currently in the custody of the Idaho Department of Correction (IDOC). An Amended Complaint was later filed, and the Court's Initial Review Order authorized Orr and Smrz to proceed with specific claims set forth in their Amended Complaint, and also instructed Roy Burstein to file an application for indigent filing status, if he intended to participate as a Plaintiff. The Court later determined that Defendant Nelson should be included as a Plaintiff in this action. Plaintiff Burstein subsequently filed his own Complaint, which the Court consolidated with the present action.

Plaintiffs' Complaints allege that Defendants violated their rights under the Eighth Amendment by failing to provide food, containing sufficient nutritional value to preserve their health. Plaintiffs also allege that meals are prepared and served under unsanitary conditions, presenting a danger to their health. They further allege that the fruit served to inmates is spoiled thirty percent of the time,

**ORDER 2**

and the food portions were reduced after the federal court entered an order preserving the population cap at ISCI. Plaintiffs also claim that medically prescribed diets for inmates are not being followed.

Plaintiff Burstein specifically alleges that Dr. Dawson prevented him from receiving a medical diet prescribed by CMS physician, Partridge. He also claims that Defendants Randy Blades and Food Services Officers Deppen and Bauer interfered with the medical diet he had been prescribed, thereby causing him physical suffering and degeneration.

The Court's Initial Review Order created a deadline for Defendants' submission of a *Martinez* report on the Plaintiffs' allegations relating to inadequate food and the failure to provide medical diets to inmates. The parties were also ordered to refrain from filing any further motions until after the Court had reviewed the Defendants' report. Defendants complied with the Court's Order, and filed the *Martinez* report. *See Docket Nos. 43, 44, and 45.* After the report was filed, Plaintiff Orr filed a Motion for Extension of Time to respond to the report, and Plaintiffs were given additional time to respond. The Court ordered the parties to participate in a Mediation Conference with Judge David O. Carter, and the Mediation is ordered to resume on August 4, 2008.

**ORDER  3**

## PENDING MOTIONS

### IDOC Defendants' Motion for Initial Review

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

### Eighth Amendment Claim

In order to state a claim under the Eighth Amendment, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff must also show that the defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837.

The Eighth Amendment requires only that prisoners receive food that is

**ORDER  4**

adequate to maintain health.  *Lemaire v. Maass*, 12 F.3d 1444, 1456  (9th Cir. 1993) (the food served in prison satisfies the constitutional standard if it provides adequate nutrition).  Inmates do not have a constitutional right to be served any particular type of food, *Burgin v. Nix*, 899 F.2d 733, 734-35 (8th Cir.1990), but the Eighth Amendment prohibition against cruel and unusual punishment requires that inmates be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."  *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041 (1981); *see also Robles v. Coughlin*, 725 F.2d 12, 14 (2d Cir.1983) (per curiam)(prisoners must be provided with nutritionally adequate food that is prepared and served under sanitary conditions).

Plaintiff Burstein alleges that the food being provided to him is nutritionally unbalanced and inadequate.  Burstein claims that a physician allegedly prescribed a special diet to address health problems he was experiencing.  Defendant Dawson, a regional physician for Correctional Medical Services, allegedly destroyed the medical diet written by Dr. Partridge, and Dr. Partridge allegedly quit working for CMS over this incident.

Plaintiff Burstein also claims that Defendants Blades, Deppen, and Bauer interfered with his medical diet when they informed him that the physician had no

**ORDER  5**

right to prescribe a special diet, and that the IDOC officials refused to follow the medical diet.

Based on the foregoing allegations, Plaintiff Burstein will be authorized to proceed against Defendants Dawson, Blades, Deppen, and Bauer at this point in the case. The other individuals named in Burstein's Complaint in CV07-182-S-BLW shall be dismissed from this action.

### Plaintiff Nelson's Motions

Plaintiff Nelson filed several Motions with the Court, despite the Order directing the parties to refrain from filing any motions until after the Defendants' *Martinez* Report had been reviewed. Therefore, the following Motions are denied without prejudice to re-filing them: Plaintiffs' Motion to Compel Discovery (Docket No. 93); Plaintiffs' Motion for Definitive Order (Docket No. 94); Plaintiffs' Motion for Appointment of Neutral Expert (Docket No. 99); and Plaintiffs' Motions to Strike Response, Amend the Complaint, and Seal Case (Docket Nos. 100, 101, 102).

### ORDER TO SHOW CAUSE

Based on the Court's review of the Defendants' *Martinez* report, it issues an Order to Show Cause as to why summary judgment should not be granted to Defendants on Plaintiffs' claims pertaining to the allegedly unsanitary conditions

**ORDER  6**

in the preparation and storage of food at ISCI.  It also issues a similar Order to Show Cause as to why summary judgment should not be granted on Plaintiffs' Inmate Management Fund claim.[1]  In the event Plaintiffs decide to file an opposition to the Order to Show Cause, it shall be filed within sixty (60) days of this Order's date.

Plaintiffs may proceed with discovery on the remaining claims relating to inadequate nutrition and interference with medical diets.  Additionally, Plaintiff Nelson filed a Motion for Temporary Restraining Order, and Defendants shall file a response to the Motion within thirty (30) days.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that  Defendants' Request for Initial Review (Docket No. 74) is GRANTED.  Plaintiff Burstein will be authorized to proceed against Defendants Dawson, Blades, Deppen and Bauer at this point in the case.  The other individuals named in Burstein's Complaint in CV07-182-S-BLW shall be dismissed from this action.  In the event Defendants' Counsel want separate waivers of service of summons issued for Plaintiff Burstein's consolidated claims, they may contact the Pro Se Unit at (208) 334-9067.

---

[1] The Court may elect to rely upon the parties' submissions relating to the *Martinez* report at some future date in deciding the adequacy of pending Eighth Amendment claims.

**ORDER  7**

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion to Compel Discovery (Docket No. 93); Plaintiffs' Motion for Definitive Order (Docket No. 94); Plaintiffs' Motion for Appointment of Neutral Expert (Docket No. 99); and Plaintiff Nelson's Motion to Strike Response, Amend the Complaint, and Seal Case (Docket Nos. 100, 101, 102) are DENIED based on the reasons set forth above.

IT IS FURTHER HEREBY ORDERED that the Court issues an Order to Show Cause as to why summary judgment should not be granted to Defendants' on Plaintiffs' claims pertaining to the allegedly unsanitary conditions in the preparation and storage of food at ISCI and the Inmate Management Fund.  In the event Plaintiffs decide to file an opposition to the Order to Show Cause, it shall be filed within sixty (60) days of this Order's date.

IT IS FURTHER HEREBY ORDERED that Defendants shall file a response to Plaintiff Nelson's Motion for Temporary Restraining Order (Docket No. 104) within thirty (30) days.

IT IS FURTHER HEREBY ORDERED that the parties shall file no more than three pending motions in this action at any given time.  Once the pending motions have been decided, the parties may file additional motions.

IT IS FURTHER HEREBY ORDERED that the following pre-trial schedule

**ORDER  8**

shall govern this case:

**Amendment of Pleadings and Joinder of Parties**: All motions to amend pleadings and join parties shall be filed on or before June 13, 2008.  All parties are entitled to know the claims and parties well-before trial, and therefore, this deadline shall only be extended upon a showing of good cause.

**Completion of Discovery and Requests for Subpoenas:**  All discovery shall be completed on or before **August 15, 2008.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by non-parties) must be made by **August 15, 2008.**

**Depositions**:   Depositions, if any, shall be completed on or before **August 15, 2008.**  If Defendants wish to take the deposition of Plaintiffs or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  At least one Plaintiff representative shall attend the scheduled depositions.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of

**ORDER  9**

Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

**Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **October 3, 2008.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  The Court will not hear multiple dispositive motions in this action.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not**

**ORDER  10**

**authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

DATED: **April 29, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court